IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FRANCISCA RESTO-MONTAÑEZ,

**Plaintiff**,

v().

ADAM CHANCE, *et al.*,

**Defendants.**

**Civil No.** 18-1205 (FAB)

**OPINION AND ORDER**

BESOSA, District Judge.

Defendants Adam Chance, Curee Chance, and their conjugal partnership (collectively "defendants") move to dismiss plaintiff Francisca Resto-Montañez ("Resto")'s complaint pursuant to Federal Rule of Civil of Procedure 12(b)(1) ("Rule 12(b)(1)") and Federal Rule Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (Docket No. 11.) For the reasons set forth below, the defendants' motion to dismiss is **DENIED**.

I. Background

The Court construes the following facts from the complaint "in the light most favorable to the plaintiff" and "resolve[s] any ambiguities" in the plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 17 (1st Cir. 2011) (discussing the Rule 12(b)(6) standard of review); see Viqueira v. First Bank, 140

F.3d 12, 15 (1st Cir. 1998) (discussing the Rule 12(b)(1) standard of review).

On December 19, 2016, Resto and the defendants executed a lease agreement ("agreement"). (Docket No. 1 at p. 2.) Pursuant to the agreement, Resto would lease her residential property ("property") in Humacao, Puerto Rico to the defendants for a monthly payment of $5,500 from February 2017 through January 2018. Id. The defendants would pay for the utilities' services, including water, electricity, internet, and cable television, and would obtain an insurance policy "covering up to $150,000 in potential damages to the Property, its furniture, appliances, paintings, and art work." Id. at pp. 2-3.

On September 20, 2017, Hurricane María caused damages to the property exceeding $150,000. (Docket No. 1 at p. 3.) According to Resto, the defendants "obtained an insurance policy covering potential damages only up to $50,000," in violation of the agreement. Id. Resto claims that the defendants also "breached their obligation to pay off their water utility bill" of $312.12 and submit "the required monthly payments from October 2017 through January 31, which sum up to $22,000." Id.

On April 13, 2018, Resto commenced this action, "seeking to collect monies owed by the defendants for breach of contract under Puerto Rico law." (Docket No. 1 at p. 1.) Resto requests

approximately $122,312 in damages, plus the applicable interest, for the defendants' "breach in failing to pay rent from October 2017 through January 2018;" "breach in securing insurance coverage only for $50,000, leaving uncovered the rest of the damages which exceed $100,000;" and "breach in paying [their water bill]." (Docket No. 1 at p. 4.)  Resto invokes this Court's diversity jurisdiction because she "is a born and raised citizen of the Commonwealth of Puerto Rico," and the defendants "are residents of the state of Georgia."  Id. at p. 2.

The defendants move to dismiss Resto's claims.  (Docket No. 11.)  They argue that "this Court simply doesn't have subject matter jurisdiction to entertain this controversy" because the defendants "were domiciled in Puerto Rico at the time the complaint was filed."  Id. at pp. 2 & 9.  The defendants also contend that the agreement contains a "forum selection clause which prohibits this [C]ourt to exercise its jurisdiction."  Id. at p. 2.

**II. Standard of Review**

Rule 12(b) permits a party to assert defenses against claims for relief.  Fed. R. Civ. P. 12.  A court, nonetheless, "must construe the complaint liberally," Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996), and a complaint that adequately states a claim may still proceed even if "recovery is very remote and unlikely."  Ocasio-Hernández, 640 F.3d at 13 (internal

quotation marks and citations omitted); see Katz v. Pershing, LLC, 672 F.3d 64, 70 (1st Cir. 2012) ("In considering the pre-discovery grant of a motion to dismiss for lack of standing, [courts] accept as true all well-pleaded factual averments in the plaintiff's . . . complaint and indulge all reasonable inferences therefrom in his favor.") (internal citation omitted).

Rule 12(b)(1) allows a court to dismiss a complaint when a plaintiff fails to establish subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. See Droz-Serrano v. Caribbean Records Inc., 270 F. Supp. 2d 217, 217 (D.P.R. 2003) (García-Gregory, J.) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). "As courts of limited jurisdiction, federal courts have the duty to construe their jurisdictional grants narrowly." Fina Air, Inc. v. United States, 555 F. Supp. 2d 321, 323 (D.P.R. 2008) (Besosa, J.) (citing Alicea-Rivera v. SIMED, 12 F. Supp. 2d 243, 245 (D.P.R. 1998) (Fusté, J.)).

A defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550

U.S. 544, 570 (2007). A court must decide whether the complaint alleges sufficient facts to "raise a right to relief above the speculative level." Id. at 555.

## III. Applicable Law

### A. Diversity Jurisdiction

Diversity jurisdiction requires an amount in controversy that exceeds $75,000, excluding interest and costs, and complete diversity of citizenship between all plaintiffs and defendants. See 28 U.S.C. § 1332(a); Padilla-Mangual v. Pavía Hosp., 516 F.3d 29, 31 (1st Cir. 2008). "[A] person is a citizen of the state in which he is domiciled." Id. (citing Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 10 (1st Cir. 1991)). "A person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Id. (internal citation and quotation marks omitted). Moreover, there is a "presumption of continuing domicile," and a party can only prove a change in domicile through objective evidence that establishes: (1) that he or she is physically present in the new state, and (2) that he or she has an intent to remain there. Id. "Domicile is determined as of the time the suit is filed." Id. (citations omitted).

**B.  Forum Selection Clauses**

Courts have recognized two forms of forum selection clauses: permissive and mandatory.  Permissive forum selection clauses are "often described as 'consent to jurisdiction' clauses, [and] authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere." Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 17 (1st Cir. 2009) (citation omitted). In contrast, mandatory forum selection clauses "contain clear language indicating that jurisdiction and venue are appropriately and exclusively in the designated forum." Id.

To determine whether a forum selection clause is permissive or mandatory, courts examine the relevant contract in its entirety because "there is no general rule for forum-selection clauses." Rivera, 575 F.3d at 17.  Preclusive language, such as "shall" and "must," suggests that a clause is mandatory. Compare Claudio de León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41, 46 (1st Cir. 2014) (holding that contractual language stating litigation "shall be submitted to the jurisdiction and competence of the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part" constitutes a mandatory forum selection clause), with Triangle Cayman Asset Co. 2 v. Prop. Rental & Inv., Corp., 278 F. Supp. 3d 508, 515-16 (D.P.R. 2017) (Besosa, J.) (finding that the parties' agreement to "submit" to the jurisdiction of one

court without preclusive language "does not strip the jurisdiction of another").

## IV. Discussion

Resto adequately asserts diversity jurisdiction at this stage in the litigation. See Padilla-Mangual, 516 F.3d at 31. First, Resto seeks over $122,312 in damages, which satisfies the monetary requirement. (Docket No. 1 at p. 4.) Second, Resto maintains that she is domiciled in Puerto Rico and that the defendants are domiciled in Georgia. (Docket No. 1 at pp. 1-2.) In her opposition to the defendants' request for dismissal, Resto states the following facts in support of her position: (1) the defendants own residential property in Georgia, and not in Puerto Rico; (2) the defendants' LinkedIn profiles state that they live in Georgia and run various companies in Georgia, while neither profile mentions Puerto Rico or any corporation based in Puerto Rico; (3) Adam Chance appears on several websites as the owner or officer of several real estate companies in Georgia; (4) Adam Chance sold at least 14 properties in 2017, and at least 6 properties in 2018, through one or more of his companies in Georgia; (5) Adam Chance is registered to vote in Georgia; (6) the defendants' Puerto Rico bank account lists their residence in Georgia as their main address; and (7) the defendants were served process in this case at their Georgia residence. (Docket No. 15

at pp. 5-7.)  Accordingly, the Court finds that Resto provides adequate evidence for diversity jurisdiction at this phase.

The defendants' argument regarding the forum selection clause is unavailing.  The defendants argue that "[t]his Court should dismiss the case as both parties contractually agreed to litigate any issue arising from the contract in the Commonwealth of Puerto Rico, Superior Court of Humacao."  (Docket No. 11 at p. 13.)  The agreement states:

> For the interpretation of this contract and for any action that might arise from it, the parties submit themselves voluntarily to the jurisdiction of the Superior Court of the Commonwealth of Puerto Rico, Humacao Section.

(Docket No. 11, Ex. 3 at p. 3.)  The defendants suggest that because Resto agreed to "submit" to state court jurisdiction, the forum selection clause is mandatory.  (Docket No. 11 at pp. 17-18.)  While the defendants identify correctly that "both parties contractually agreed to litigate" in the Superior Court of Humacao, Resto's consent to "submit" to the Superior Court of Humacao, however, does not establish the Superior Court of Humacao as the *exclusive* forum in the event of litigation.  See Docket No. 11, Ex. 3 at p. 3.  Absent from the forum selection clause are preclusive words, such as "shall" and "must."  See id.

After examining the agreement in its entirety, see Rivera, 575 F.3d at 17, the Court finds that the forum selection clause is

permissive, not mandatory. See Triangle Cayman, 278 F. Supp. at 516 ("Mere consent to jurisdiction in one court does not strip the jurisdiction of another."). In Bautista Cayman Asset Co. v. Maeso-Enseñat, No. 16-2182, 2017 WL 1247879 (D.P.R. Mar. 30, 2017) (Delgado-Colón, J.), the Court reviewed a forum selection clause with language nearly identical to the forum selection clause at issue in this case. The forum selection clause in Bautista Cayman stated:

> In case of any litigation arising in relation to this contract, to the Loan or the other documents related to it, the parties submit themselves to the jurisdiction of the General Court of Justice of Puerto Rico.

Id. at *2. Consistent with First Circuit Court of Appeals precedent, the Court held in Bautista Cayman that the clause was "an affirmative conferral of personal jurisdiction by consent, and not a negative exclusion of jurisdiction to other courts." Id. (citing Autoridad de Energía Eléctrica de P.R. v. Ericsson, Inc., 201 F.3d 15, 19 (1st Cir. 2000) (holding that a forum selection clause stating that "[t]his contract will be governed and interpreted pursuant to the Laws of the Commonwealth of Puerto Rico and the parties agree to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico" did not prohibit litigation in federal district court)). The Court reached the

same conclusion in Triangle Cayman, 278 F. Supp. at 515-16, where the forum selection clause stated:

> In the event of litigation, [Property Rental] agrees to submit and it does hereby submit to the jurisdiction of the General Court of Justice, Court of San Juan, Puerto Rico, [Property Rental] expressly waiving the right it may have to be sued in the Court of its domicile.

Id. at 514.[1]

Because Resto asserts adequate diversity jurisdiction at this stage and the agreement's forum selection clause is permissive, the defendants' motion to dismiss is **DENIED**.

## V. Conclusion

For the reasons above, the defendants' motion to dismiss Resto's complaint is **DENIED**.  (Docket No. 11.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 23, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE

---

[1] In contrast, In re J.R. Insulation Sales & Serv., 482 B.R. 47 (Bankr. D.P.R. 2012) (Casellas, J.) illustrates a mandatory forum selection clause.  The forum selection clause in In re J.R. Insulation stated:

> This contract shall be subject to, and interpreted by the state laws of Puerto Rico.  Additionally, the contracting parties expressly agree that the state courts of Puerto Rico, *only*, shall be the courts with competent and *exclusive jurisdiction* to resolve the controversies which arise between them in relation to this Contract and which require for its elucidation the intervention of the judicial authority.

Id. at 50 (affirming the bankruptcy court's holding that the forum selection clause is mandatory) (emphasis added).